IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SHELBY BYRD,

        Petitioner,                      No. CIV-S-10-1871 MCE GGH P

  vs.

GARY SWARTHOUT,

        Respondent.                FINDINGS & RECOMMENDATIONS

_____/

        Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges the 2009 decision by the California Board of Parole Hearings (BPH) finding him unsuitable for parole.

        On January 28, 2011, the undersigned ordered both parties to provide briefing regarding the recent United States Supreme Court decision that found that the Ninth Circuit erred in commanding a federal review of the state's application of state law in applying the "some evidence" standard in the parole eligibility habeas context. Swarthout v. Cooke, 502 U.S. \_\_\_, \_\_\_ S. Ct. \_\_\_, 131 S. Ct. 859, 861 (2011).[1]

---

[1] The earlier citation in the prior order was to Swarthout v. Cooke, 502 U.S. \_\_\_, \_\_\_ S. Ct. \_\_\_, 2011 WL 197627 *2 (Jan. 24, 2011)

1

1      The parties have timely filed briefing, yet for the reasons set forth in the prior
2 order, and notwithstanding petitioner's argument, it appears there is no federal due process
3 requirement for a "some evidence" review, thus the federal courts are precluded from a review of
4 the state court's application of its "some evidence" standard.[2]  A review of the petition in this
5 case demonstrates that it is based on alleged violation of California's "some evidence"
6 requirement as well as a claim that Proposition 9[3] violates the Ex Post Facto Clause and his due
7 process rights when he was given a three-year denial in lieu of a one or two-year denial.  Petition,
8 pp. 17-19.[4]

9      As to the "some evidence" claim, this court's review of the BPH hearing
10 transcript confirms, that petitioner, despite his argument otherwise, received all the process that
11 was due in having been "allowed an opportunity to be heard" and "provided a statement of the
12 reasons why parole was denied."  Swarthout, at 862; Answer (docket # 12-1, pp. 37-152, dkt. #
13 12-2, pp. 1-10).  As to petitioner's claim regarding the application of Proposition 9 resulting in
14 an increased deferral period before his next parole suitability hearing, that claim is not a
15 challenge to the parole denial decision itself and is, therefore, not cognizable under 28 U.S.C. §
16 2254.  Although petitioner's ultimate goal is a speedier release from incarceration, the immediate
17 relief sought on this ground vis-a-vis Marsy's Law is a speedier *opportunity* to *attempt* to
18 convince BPH once again that he should be released; that is too attenuated from any past finding

---

[2] The court notes some perversity in the result here.  Loss of good-time credits, even for a day, pursuant to decision at a prison disciplinary hearing, must be supported by "some evidence." Superintendent v. Hill, 472 U.S. 445, 455, 105 S.Ct. 2768 (1985).  Assignment to administrative segregation requires the same "some evidence" before such an assignment can be justified. Bruce v. Ylst, 351 F.3d 1283, 1288 (9th Cir.2003).  However, a denial of parole eligibility after sometimes decades in prison, and where another opportunity for parole can be delayed for as long as fifteen more years, requires no such protection from the federal due process standpoint. Nevertheless, such is the state of the law.

[3] Cal. Penal Code § 3041.5, as amended in 2008 by Proposition 9 (Marsy's Law).

[4] See Answer (docket # 12-1, p.141), where BPH panel states that petitioner is being given a three-year denial, the minimum deferral period under Prop. 9.

by the BPH of parole suitability for such a claim to sound in habeas.  Rather this claim is a challenge to the constitutionality of state procedures denying parole eligibility or suitability and could properly proceed pursuant to an action under 42 U.S.C. § 1983.  Skinner v. Switzer, ___U.S.___, 2011 WL 767703 at *8 (Mar. 7, 2011) ("Success in his suit for DNA testing would not 'necessarily imply' the invalidity of his conviction"); id,, citing Wilkinson v. Dotson, 544 U.S. 74, 82, 125 S. Ct. 1242, 1248 (2005) ("Success...does not mean immediate release from confinement or a shorter stay in prison" but "at most [a] new eligibility review" or "a new parole hearing....").  Moreover, the High Court in Wilkinson expressly noted that a claim seeking "an injunction barring *future* unconstitutional procedures did *not* fall within habeas' exclusive domain."  Id. at 81, 125 S.Ct. at 1247 [emphasis in original.]   Even earlier, the Ninth Circuit had found that the challenge of inmates to a sex offender treatment program as a violation of, inter alia, the ex post facto clause and their due process rights was appropriate under § 1983 because victory could only result in "a ticket to get in the door of the parole board....," and did not undermine the validity of convictions or continued confinement.  Neal v. Shimoda, 131 F.3d 818, 824 (9th Cir. 1997).

        Moreover, currently, there is a class action proceeding, Gilman v. Fisher, CIV-S-05-0830 LKK GGH,[5] wherein "the procedures used in determining suitability for parole: the factors considered, the explanations given, and the frequency of the hearings" are what is at issue.  Id., p. 8 [emphasis in original].  The "frequency of the hearings" is precisely what is at issue in the instant claim.

        The Gilman class is made up of:

> California state prisoners who: "(i) have been sentenced to a term that includes life; (ii) are serving sentences that include the possibility of parole; (iii) are eligible for parole; and (iv) have been denied parole on one or more occasions."

---

[5] See Docket # 182 of Case No. 05-CV-0830.

3

Id., p. 10.[6]

Plaintiff, sentenced to a term of seven years to life with a consecutive four-year sentence for kidnap for robbery and second degree robbery with use of a deadly weapon, challenging a subsequent parole consideration hearing denial, fits squarely within the parameters of the Gilman class.[7]  Petition, pp. 1, 8; Answer, p. 1 & Dkt. # 12-1, p. 39.  There being no basis upon which petitioner could proceed at this point, the petition should be denied.

Accordingly, IT IS HEREBY RECOMMENDED that the petition be denied.

If petitioner files objections, he shall also address if a certificate of appealability should issue and, if so, as to which issues.  A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  The certificate of appealability must "indicate which specific issue or issues satisfy" the requirement.  28 U.S.C. § 2253(c)(3).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within fourteen days after service of the objections.  The parties are

\\\\\

---

[6] The Ninth Circuit affirmed the Order, certifying the class.  See Docket # 258 in Case No. 05-CV-0830.

[7] As a member plaintiff of a class action for equitable relief from prison conditions, petitioner may not, as plaintiff, maintain a separate, individual suit for equitable relief involving the same subject matter of the class action.  See Crawford v. Bell, 599 F.2d 890, 892-93 (9th Cir.1979); see also McNeil v. Guthrie, 945 F.2d 1163,1165 (10th Cir. 1991) ("Individual suits for injunctive and equitable relief from alleged unconstitutional prison conditions cannot be brought where there is an existing class action ."); Gillespie v. Crawford, 858 F.2d 1101, 1103 (5th Cir.1988) (en banc) ("To allow individual suits would interfere with the orderly administration of the class action and risk inconsistent adjudications.").

1  advised that failure to file objections within the specified time may waive the right to appeal the
2  District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).
3  DATED: March 21, 2011                  /s/ Gregory G. Hollows

　　　　　　　　　　　　　　　　　　　　　　　_____
4　　　　　　　　　　　　　　　　　　　　　GREGORY G. HOLLOWS
　　　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE